2001 ME 119

### In re ASHLEY L.

Supreme Judicial Court of Maine.

Submitted on Briefs June 28, 2001.
Decided July 23, 2001.

---

**376**

Joyce Mykleby, Machias, for appellant.

G. Steven Rowe, Attorney General, Christopher C. Leighton, Asst. Attorney General, John H. Hawkes, Asst. Attorney General, Augusta, for appellee.

James Crotteau, Lamoine, Guardian ad Litem.

John P. Foster, Eastport, for intervenor, JoAnn B.; Sisseton–Wahpeton Sioux Tribe, Agency Village, SD, for intervenors.

1. Both Maine and New Jersey participate in the Compact, which permits one state to send a child to another state, while the "sending

Panel: WATHEN, C.J., and CLIFFORD, RUDMAN, DANA, SAUFLEY, ALEXANDER, and CALKINS, JJ.

CLIFFORD, J.

[¶ 1] The mother of Ashley L. appeals from a judgment entered in the District Court (Machias, *Romei, J.*) terminating her parental rights. The mother contends that the court improperly asserted jurisdiction over the termination petition in violation of her right of due process and erroneously found that sufficient evidence existed to support termination of her parental rights beyond a reasonable doubt. We are unpersuaded by the mother's contentions and affirm the judgment.

[¶ 2] Child protective proceedings for Ashley L. were begun in November of 1996 and Ashley was placed in the custody of the Department of Human Services after the Department learned of the sexual abuse of Ashley by her mother's boyfriend and the mother's inability to adequately provide for Ashley's needs and protect her from further risk. Ashley's maternal great aunt was later granted intervenor status and obtained custody of Ashley. The aunt's family lived in New Jersey, so Ashley moved to New Jersey to live with them in the spring of 1997 pursuant to the Interstate Compact on Placement of Children, 22 M.R.S.A. §§ 4191–4200 (1992).[1] The mother moved to New Jersey at that time as well to be closer to Ashley. The aunt later filed a petition for termination of the parental rights of Ashley's mother and father in the District Court (Machias) with Department support, *see* 22 M.R.S.A. § 4052(1) (Supp.2000). The rights of both parents were terminated in the District

agency," in this case, the Department, retains jurisdiction over the child's case. 22 M.R.S.A. § 4195 (1992).

Court on February 6, 2001. Only the mother now appeals the termination order.

 [¶ 3] The mother first contends that the District Court erred in asserting jurisdiction over the termination petition, in violation of her constitutional right of due process, because none of the parties had any contact with the State of Maine for the three years preceding the filing of the termination petition. Title 22 M.R.S.A. section 4051 provides, "A petition for termination of parental rights must be brought in the court that issued the final protection order. The court, for the convenience of the parties or other good cause, may transfer the petition to another district or division." 22 M.R.S.A. § 4051 (Supp.2000). Furthermore, the Interstate Compact on Placement of Children, pursuant to which Ashley was placed in New Jersey, provides:

> The sending agency shall retain jurisdiction over the child sufficient to determine all matters in relation to the custody, supervision, care, treatment and disposition of the child which it would have had if the child had remained in the sending agency's state, until the child is adopted, reaches majority, becomes self-supporting or is discharged with the concurrence of the appropriate authority in the receiving state.

22 M.R.S.A. § 4195 (1992). Thus, Maine was an appropriate forum for a petition for termination of parental rights in this case as the state in which the final protection order was issued, even though Ashley was living in New Jersey.

 [¶ 4] Although the court is *permitted* to transfer a child protective proceeding to another jurisdiction with the consent of that jurisdiction, 22 M.R.S.A.

§ 4195 (1992), the court is not *required* to do so. In this case, the mother does not allege any specific harm she believes she suffered in having to defend the termination petition in Maine rather than New Jersey. The mother was represented by an attorney, and she was permitted to subpoena out-of-state witnesses and to submit the depositions of out-of-state witnesses. Moreover, the court heard the live testimony of Ashley's therapist, who travelled to Maine from New Jersey to attend the termination hearing, as well as five other witnesses, and reviewed various clinical reports regarding both Ashley and the mother. Although the mother has generally alleged that defending the petition in Maine was too great a burden, she has not specifically demonstrated what evidence she was prevented from offering or how the outcome of the hearing was prejudiced by holding the proceedings in Maine rather than New Jersey. In the absence of showing such harm, we cannot say that the mother was denied her due process rights because the termination hearing was held in Maine.

[¶ 5] The mother also alleges that insufficient evidence exists in the record to support the court's findings of parental unfitness and best interest beyond a reasonable doubt.[2] We find, however, that the court's findings were amply supported by sufficient evidence in the record in accordance with the beyond a reasonable doubt standard.

The entry is:

Judgment affirmed.

---

2. The court's findings were made in accordance with the beyond a reasonable doubt standard mandated by the Indian Child Welfare Act of 1978, 25 U.S.C. §§ 1901–63 (1983), because Ashley is a child of Native American descent. *See* 25 U.S.C. § 1912(1) (1983).